IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    18 - 2049

**TARSEM SINGH (A \*\*\*-\*\*\*-442),**

    Petitioner,

v.

**RICHARD L. MURPHY, III, in his official capacity as Assistant Field Office Director (Detention), Denver Field Office of the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations, Denver Contract Detention Facility,**

    Respondent.

---

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

Petitioner Tarsem Singh ("Mr. Singh") is being held in custody by the United States Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations ("US DHS/ICE/ERO") in violation of the Constitution and laws of the United States. Mr. Singh, by and through undersigned counsel, petitions this Honorable Court for a writ of habeas corpus to remedy this situation.

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2241(a). This is a civil matter arising under the Constitution and laws of the United States, challenging Mr. Singh's continued custody under color of the authority of the United States. 28 U.S.C. § 2241(c)(1). This action seeks corrective action by an officer and employee of the United States in his official capacity.

2.    Mr. Singh challenges his continued detention because it violates the Constitution and laws of

the United States. 28 U.S.C. § 2241(c)(3). This Court has jurisdiction to grant this writ of habeas corpus. 28 U.S.C. § 2241(a).

3. Mr. Singh is detained at the Denver Contract Detention Facility in Aurora, Colorado, within the jurisdiction of this court. The defendant is an officer or employee of the United States. Thus venue in Colorado is proper. 28 U.S.C. § 1391(e).

## PARTIES

4. Mr. Singh is being held in custody at the Denver Contract Detention Facility, 3130 North Oakland Street, Aurora, Colorado 80010, under the authority of US DHS/ICE/ERO, which has the responsibility for the detention and removal of noncitizens.

5. Respondent Richard L. Murphy, III, is the Assistant Field Office Director (Detention) of U.S. DHS/ICE/ERO at the Denver Field Office, with responsibility over the Denver Contract Detention Facility. He has legal custody of Mr. Singh.

## STATEMENT OF FACTS

6. Mr. Singh, a Sikh, was born in 1989 in Kapurthala District, Punjab, India. *Ex. A (sealed), Doc. 1.*

7. Mr. Singh entered the United States on or about February 10, 2012. *Ex. A (sealed), Doc. 2.*

8. Mr. Singh was detained and taken into the custody of US DHS ICE on or about February 12, 2012. *Id.*

9. On April 2, 2012, an Immigration Judge found that Mr. Singh was not a flight risk, nor was he a danger to the community or to national security, and granted him a bond. Bond was duly paid, and Mr. Singh was released from custody. *Ex. A (sealed), Doc. 3*

10. Mr. Singh went to stay in New York, hired an attorney and pursued his asylum claim diligently.

11.     On May 15, 2015, an Immigration Judge denied Mr. Singh's application for asylum and withholding of removal. With the assistance of his attorney, the denial was appealed to the Board of Immigration Appeals ("BIA" or "Board"). *Ex. A (sealed), Doc. 4.*

12.     On May 26, 2016, the Board dismissed Mr. Singh's appeal. Mr. Singh's attorney filed a motion to reopen. This was denied on November 30, 2016. Mr. Singh's attorney asserts they did not receive notice of this denial, and on October 7, 2017, wrote to the BIA inquiring of the status.

13.      In the meantime, Mr. Singh moved to California and found a job as a trucker. He also met a woman, fell in love, and married her in October 2017. *Id.*

14.     On October 31, 2017, the obligor on Mr. Singh's bond received a "bag and baggage letter," and informed him of same at the last address on file. *Ex. A (sealed), Doc. 6.*

15.     On December 3, 2017, Mr. Singh contacted the obligor, undersigned attorney, seeking assistance because he had just learned his motion at the Board had been denied. He then learned that he needed to appear in New York City on December 6, 2017. He was on the road. Attempts were made to contact US DHS/ICE/ERO with regard to the "bag and baggage letter," but were not successful until December 7, 2017; the bond was breached. *Ex. A (sealed), Doc. 7.*

16.     On advice, arrangements were immediately made for Mr. Singh to appear at ICE/ERO in San Francisco... subsequently in Bakersfield, California. He did so, and was put on IASP. He appeared at his first and second check-in as required. After the second check-in, he was called and asked to appear again, which he did. He was taken into custody again "as a fugitive." He has remained in custody since that time.[1]  He has also cooperated in efforts to obtain travel documents. *Ex. A*

---

[1] Appeal of the Bond Breach to the Administrative Appeals Office was successful. *Ex. A (sealed), Doc. 8.*

*(sealed), Doc. 8.*

17. On April 12, 2018, Mr. Singh had been detained for ninety days. In anticipation of the review of detention required after ninety days following a final order of removal, Mr. Singh submitted a substantially documented request for release. This was denied without explanation. *Ex. A (sealed), Doc. 9.*

18. On July 11, 2018, Mr. Singh had been detained following a final order of removal for 180 days. His request for release was supplemented with a copy of an approval notice of the I-130, Petition for Alien Relative, filed on his behalf by his U.S. citizen spouse on January 2, 2018 (approved July 13, 2018). *Ex. A (sealed), Doc. 10, 11.* The request for release was denied, with no evidence that issuance of a travel document is imminent, or that note was taken of his ability to adjust status. *Ex. A. (Sealed), Doc. 12.*

19. To date, Mr. Singh remains in custody. Despite his continued cooperation, ICE/ERO has not obtained travel documents necessary to remove him from India.

20. Mr. Singh is not a flight risk, nor is he a danger to the community or to national security. He has lived peacefully in the United States for six years while his asylum case was pending and accrued no criminal record. He has always appeared in court when required, and when summoned by ICE. The AAO recognized that he did not intentionally or wilfully fail to appear before ICE/ERO, and although he missed the appointment, he made every effort possible to mitigate it and appeared at the earliest opportunity– the bond was reinstated.

21. Moreover, within one week, we will be prepared to submit a motion to reopen to the Immigration Court, seeking the new relief available to Mr. Singh in the form of adjustment of status

to lawful permanent resident.[2]

22. Finally, there is nothing to indicate that Mr. Singh will be issued a travel document to permit removal to India in the foreseeable future.

## STATEMENT OF APPLICABLE LAW

23. Mr. Singh's indefinite detention violates his rights to procedural and substantive due process, as guaranteed by the Fifth Amendment to the United States Constitution.

24. Mr. Singh's indefinite detention is unlawful because ICE has no statutory authority pursuant to 8 U.S.C. § 1231(a)(6) to indefinitely detain him because his removal cannot be accomplished in the reasonably foreseeable future. *Clark v. Suarez Martinez*, 125 S. Ct. 716, 727 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

25. The administrative custody review process, on its face and as applied to Mr. Singh, violates his right to due process, as guaranteed by the Fifth Amendment to the United States Constitution.

26. The conduct of the respondents and their agents in continuing to incarcerate Mr. Singh deprives him of his right to due process as guaranteed by the Fifth Amendment of the United States Constitution.

27. Mr. Singh's indefinite detention violates his rights under the Due Process and Double Jeopardy clauses of the Fifth Amendment to the United States Constitution, because the conditions of his confinement and the purposes of his confinement make his detention punitive.

28. Mr. Singh is seeking *via* these pleadings relief related only to his custody status, which is not inconsistent with an order of removal; therefore, exhaustion of administrative remedies, if any, is not

---

[2]We are awaiting the signed application forms from Mr. Singh, for submission of the I-485, Application to Adjust Status, a copy of which is needed to attach to our Motion to Reopen.

required. Alternatively, Mr. Singh has exhausted all administrative remedies, and any further exhaustion would be futile.

## RELIEF SOUGHT

WHEREFORE, Mr. Singh respectfully requests that this Court:

1. Issue process to the respondents with an order to show cause why the writ should not be granted;

2. Enjoin ICE from transferring Mr. Singh outside of the District of Colorado while this matter is pending;

3. Grant the writ of habeas corpus; and

4. Order that ICE immediately release him under reasonable conditions of supervision.

Respectfully submitted this 13th day of August, 2018,

s/ Cathy J. Potter
*Cathy J. Potter*
Law Firm of Cathy J. Potter PLLC
302 East Tyler Avenue
Harlingen, TX 78550
(956) 525-4151 Telephone
(956) 825-2718 Facsimile
e-mail cpotter@cathypotterlaw.com
Attorney for Petitioner Tarsem Singh